ORIGINAL

1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5
    **UNITED EMPLOYEES LAW GROUP**
6   Walter Haines, Esq. (CSB #71075)
    65 Pine Ave, #312
7   Long Beach, CA 90802
    Telephone: (562) 256-1047
8   Facsimile: (562) 256-1006

9   Attorneys for Plaintiff

FILED

09 MAR 18 PM 4: 13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

10

11              **UNITED STATES DISTRICT COURT**

12          **SOUTHERN DISTRICT OF CALIFORNIA**

'09 CV 0556 IEG        POR

13  GLEN MOORE, an individual, on behalf    CASE No._____
    of himself, and on behalf of all persons
14  similarly situated,                      **CLASS ACTION COMPLAINT**

15                                           1. UNFAIR COMPETITION IN
                                             VIOLATION OF CAL. BUS. & PROF.
16              Plaintiff,                   CODE § 17200, *et seq.*;

17  vs.                                      2. FAILURE TO PAY OVERTIME
                                             COMPENSATION IN VIOLATION OF
18  IKON OFFICE SOLUTIONS, INC.,             CAL. LAB. CODE § 510, *et seq.*;

19                                           3. FAILURE TO PROVIDE
                                             ACCURATE ITEMIZED STATEMENTS
20              Defendants.                   IN VIOLATION OF CAL. LAB. CODE §
                                             226
21
                                             4. FAILURE TO PROVIDE
22                                           INDEMNIFICATION OF
                                             EXPENDITURES  IN VIOLATION OF
23                                           CAL. LAB. CODE § 2802; and,

24                                           5. FAILURE TO PAY
                                             COMPENSATION IN VIOLATION OF
25                                           29 U.S.C. § 201, *et seq.*;

26                                           DEMAND FOR A JURY TRIAL

27

28
                                    1
                        CLASS ACTION COMPLAINT

CP

Plaintiff Glen Moore, an individual, alleges upon information and belief, except for his own acts and knowledge which are alleged based upon personal knowledge, the following:

## **PARTIES**

1.     PLAINTIFF Glen Moore ("PLAINTIFF") was hired by Defendant IKON Office Solutions, Inc. ("DEFENDANT" or "IKON") in 2003 to work as a " Customer Service Technician" (hereinafter "Technician").  As a Technician, PLAINTIFF's principal and primary job duties required the performance of manual labor in order to maintain and to repair copiers leased by IKON to customers of IKON.  To perform these services, Plaintiff was required to drive and travel to the locations specified IKON, and order parts for the performance of maintenance and repair of copiers for IKON's customers.  In performing these duties, PLAINTIFF did not and does not now utilize any independent discretion, judgment, or management decisions with respect to matters of significance.  To the contrary, the work of PLAINTIFF as a Technician is to provide, on a daily basis, installation, maintenance and repair services related to the copiers of IKON's customers in accordance with the management decisions and business policies established by DEFENDANT.  In fact, no installation, maintenance or repair of a copier may be made by PLAINTIFF without first obtaining approval and instructions from DEFENDANT.  As a result, PLAINTIFF is entitled to be classified as non-exempt from overtime laws and other applicable labor laws and is entitled to be paid overtime as required by California law.  DEFENDANT, however, fails to pay PLAINTIFF the correct amount of overtime compensation because DEFENDANT fails to accurately record and pay for all hours worked by PLAINTIFF and other Technicians.  DEFENDANTS fails to fully pay for all hours worked because (1) the Service Call Activity Reports show that Technicians worked hours in excess of eight (8) hours in a day and forty (40) hours in a workweek, but they are not paid overtime for all such hours, (2) Technicians are required to work on call but are not paid overtime for the on-call hours worked, which include time spent performing telephonic support, (3) hours

2

1 worked attending training and traveling are not recorded, and (4) time spent after normal

2 business hours preparing parts, orders and repairs for the next day's work is not recorded.

3      2.     In addition, DEFENDANT has charged PLAINTIFF and other Technicians for

4 uniform equipment and failed to reimburse theses employees for uniform equipment that is

5 used in the performance of Technician's job duties. As a result, DEFENDANT fails to

6 provide PLAINTIFF and other Technicians with the required reimbursement of business

7 expenses incurred by them in the performance of their job duties and according to the

8 policies of the DEFENDANT.   Further, DEFENDANT fails to provide PLAINTIFF and

9 other Technician employees with an accurate wage statement in compliance with California

10 law, and even requires these employees to pay a charge to receive a wage statement, which

11 is still inaccurate when provided. Finally, upon the involuntary termination of

12 PLAINTIFF's employment, DEFENDANT failed to pay all wages due PLAINTIFF within

13 the time required by California law, and PLAINTIFF believes this policy of late payment

14 and/or non-payment of all wages due was also applied to other Technician employees.

15      2.     Defendant IKON Office Solutions, Inc. is an Ohio Corporation, with its

16 headquarters and principal place of business in Pennsylvania. DEFENDANT maintains

17 offices throughout California, including offices in San Diego, Irvine, Los Angeles,

18 Sacramento, Bakersfield, San Francisco, Oakland and Walnut Creek. . DEFENDANT

19 conducted and continues to conduct substantial and regular business throughout California.

20 DEFENDANT is an enterprise engaged in commerce by engaging in the enterprise of the

21 transmission of electronic data through the interstate commerce and phone lines and in an

22 enterprise of the production of goods in connection with regularly and recurrently receiving

23 or transmitting interstate communications.

24      3.     DEFENDANT represents that IKON Office Solutions, Inc., is a Ricoh

25 company and is a leading provider of innovative document management systems and

26 services, enabling customers to improve document workflow and increase efficiency.

27 DEFENDANT represents that DEFENDANT's business is to integrate copiers, printers and

28 MFP technologies, and document management software and systems, to deliver tailored,

3

1  high-value solutions, implemented and supported by its team of services professionals.   To

2  provide this product, DEFENDANT represents that DEFENDANT "leverages the

3  manufacturing and engineering expertise of Ricoh, a $22 billion global technology

4  innovator, with the experience and reach of its locally based sales and services teams, to

5  provide end-to-end solutions and one of the industry's broadest portfolios of document

6  management services, including on-site and off-site managed services, technical service and

7  support, and customized workflow design and implementation." Technicians are part of the

8  "locally based" "service teams" which help deliver the DEFENDANT's product to

9  DEFENDANT's clients.  In order to provide the DEFENDANT's product to clients and be

10  the largest and strongest document management company possible, DEFENDANT requires

11  a large pool of Technicians to perform the installation, repair and maintenance services for

12  the client's copiers.

13      4.    DEFENDANT was known as Alco Standard Corporation prior to its name

14  change to IKON in January 1997.  Since the 1960s Alco was a holding company with

15  operations in a variety of industries including steel, gift and glassware, food service,

16  aerospace, paper and office products. By 1992, Alco was a distribution company with two

17  business groups—paper and office products. The paper business was spun off to Alco

18  shareholders in December 1996. Alco/IKON aggressively acquired businesses from fiscal

19  1994 to 1998, including traditional office equipment products and service providers,

20  outsourcing and imaging services companies and technology products and services

21  organizations. Beginning in fiscal 1999, IKON ceased its acquisition activity in North

22  America and began to transform from a decentralized holding company of more than 450

23  acquisitions to an integrated operating company focused on document management products

24  and services.

25      5.    Beginning in 2000, IKON's vision was to become the largest and strongest

26  independent document management channel in the world. In 2008, IKON was acquired by

27  Ricoh Company, Ltd., for $1.62 billion.  As a Ricoh company, IKON leverages the

28  manufacturing and engineering expertise of a global technology innovator like IKON, with

4

1    the experience and reach of its locally based sales and services teams, to provide end-to-end

2    solutions and one of the industry's broadest portfolios of document management services.

3    Ricoh is a global leader in digital office solutions, and Ricoh technology is designed to

4    empower businesses to improve critical processes, keep information secure, ensure

5    compliance and promote environmental sustainability while reducing the total cost of

6    ownership.  IKON and Ricoh's strengths complement each other, creating an industry

7    powerhouse that can push innovation and customer service to new heights.  The combined

8    strength of IKON and Ricoh strengthens their service offerings, reduces costs and increases

9    efficiency.  In 2007, DEFENDANT's estimated revenues exceeded $4 billion.

10       6.       DEFENDANT's Technicians, like the PLAINTIFF, primarily perform manual

11   labor associated with the installation, repair and maintenance of copiers at locations

12   specified by the DEFENDANT.  These services consist of (i) receiving DEEFNDANT's

13   instructions, (ii) reviewing repair procedures and ordering parts, (iii) driving to the specified

14   location, (iv) performing billing procedures, (v) installing, repairing and/or maintaining

15   copiers by cleaning, diagnosing, lifting, assembling and repairing the copiers,  and (v)

16   performing troubleshooting of the customer's problems.  These duties require Technicians to

17   utilize safety equipment and other tools in the performance of their job.  In order to meet the

18   requirements of the DEFENDANT's service standards, DEFENDANT's Technicians are

19   working during the week, remaining on-call and handling telephonic support, and

20   performing services at multiple customer premises, all at the direction of the DEFENDANT.

21   DEFENDANT then pays salary compensation to the Technicians, but fail to pay the required

22   amount of additional premium or overtime pay for the above job duties when the

23   Technician's work performed exceeds eight hours in a day, forty hours in a week or occurs

24   on the seventh consecutive day in a work week.

25       7.       The Defendant named in this Complaint operated by and through certain

26   agents, servants, employees and/or other responsible persons, and each such person was

27   acting within the course of scope of his or her authority as the agent, servant and/or

28   employee of Defendant and each of the other.  Consequently, the Defendant named herein

1 │ and all such agents, servants, employees and/or other responsible persons and each such

2 │ person are jointly and severally liable to the PLAINTIFF and the other members of the

3 │ CALIFORNIA CLASS, for the losses sustained as a proximate result of DEFENDANT'S

4 │ conduct as herein alleged.

5 │

6 │ ## CONDUCT

7 │     8.    Plaintiff Glen Moore ("PLAINTIFF") was first employed by DEFENDANT in

8 │ the capacity of a Technician in or around December 1995 and continued to be employed as a

9 │ Technician until DEFENDANT terminated his employment in February 2009.  PLAINTIFF

10 │ and the other Technicians work and worked as a service team member on the production

11 │ side of DEFENDANT's business.  The primary job duties of PLAINTIFF and other

12 │ Technicians are to perform manual labor in order to install, configure and repair copier

13 │ equipment at the direction of DEFENDANT.  As a result of this work, PLAINTIFF was

14 │ primarily involved in providing day to day routine installation, maintenance and repair of

15 │ copier equipment at business locations specified by DEFENDANT.  This work was executed

16 │ primarily by the performance of manual labor within a defined skill set, involving the

17 │ routing of wiring, cleaning of equipment, the replacement of parts and the execution of

18 │ paperwork and orders, pursuant to standardized protocol and training followed by these

19 │ employees.  Physical demands of the position include standing, sitting, walking, bending,

20 │ lifting, drilling, and moving equipment, which work DEFENDANT have admits is non-

21 │ exempt work.  As a result, the Technician position is a non-exempt position and was in fact

22 │ classified as non-exempt by the DEFENDANT.  PLAINTIFF performed these tasks by

23 │ traveling to off-site locations as directed by DEFENDANT in his own vehicle.  Since 2005,

24 │ PLAINTIFF, as a Technician on the production side of his service team, worked overtime

25 │ but was not fully paid the overtime compensation to which he was entitled because of

26 │ DEFENDANT's systematic failure to pay for all time spent working, preparing, training and

27 │ traveling.  By failing to correctly record and pay for all hours worked, DEFENDANT

28 │ systematically underpaid overtime compensation to Technician employees for their hours

1 | worked and even for documented overtime hours worked. As a result, PLAINTIFF worked

2 | more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th)

3 | consecutive day of a workweek but was not fully compensated for these hours of overtime

4 | work as required by law.

5 |          9.          In addition, as a condition of employment, DEFENDANT required

6 | PLAINTIFF and the other Technicians to wear uniforms for which they were required to

7 | purchase uniform equipment from DEFENDANT and for which no reimbursement was

8 | provided. DEFENDANT also has a policy of charging PLAINTIFF and the other

9 | Technicians to receive a wage statement in writing, even though DEFENDANT is required

10 | to furnish one under Cal. Labor Code § 226(a). As a direct consequence and requirement of

11 | performing their work duties for the DEFENDANT, PLAINTIFF and other Technicians

12 | incur business expenses for which DEFENDANT refuses to provide reimbursement as

13 | required by law. The business expenses incurred by Technicians include mileage and

14 | charges for equipment required by DEFENDANT to perform the duties assigned by

15 | DEFENDANT. PLAINTIFF and other Technicians are required to incur these expenses to

16 | perform their job duties but DEFENDANT has established no procedure to provide full

17 | reimbursement of these expenses to employees and has refused to provide full

18 | reimbursement.

19 |          10.          Individuals in these Technician positions are and were employees who are

20 | entitled to regular, and overtime compensation and prompt payment of amounts that the

21 | employer owes an employee when the employee quits or is terminated, and other

22 | compensation and working conditions that are prescribed by law. Although DEFENDANT

23 | requires their employees employed as Technicians, and other similarly situated positions, to

24 | work more than forty (40) hours a week, eight (8) hours in a workday, and /or on the seventh

25 | (7th) consecutive day of a workweek, as a matter of company policy and practice,

26 | DEFENDANT consistently and uniformly denies them the correct overtime compensation

27 | that the law requires. The PLAINTIFF and known members of the CLASS work or worked

28 | in California and DEFENDANT'S practices and procedures are and were common

CLASS ACTION COMPLAINT

1 | throughout California.

2 |     11.    Plaintiff Glen Moore ("PLAINTIFF") brings this class action on behalf of

3 | himself and a California class consisting of all individuals who are or previously were

4 | employed by Defendant IKON Office Solutions, Inc. (hereinafter referred to as

5 | "DEFENDANT") in a staff position as a Customer Service Technician, or in any other

6 | similarly situated position ("Technicians") (the "CALIFORNIA CLASS"). The class period

7 | applicable to this CALIFORNIA CLASS is the period beginning four years prior to the

8 | filing of this Complaint and ending on the date of as determined by the Court (the "CLASS

9 | PERIOD"). As a matter of company policy and practice, DEFENDANT has unlawfully,

10 | unfairly and deceptively failed to pay the required overtime compensation and otherwise

11 | failed to comply with all labor laws with respect to these Technicians.

12 |     12.    In this action, PLAINTIFF, on behalf of himself and the CALIFORNIA

13 | CLASS, seeks to recover all the compensation that DEFENDANT was required by law to

14 | provide, but failed to provide, to PLAINTIFF and all other CALIFORNIA CLASS

15 | members.    PLAINTIFF also seeks penalties and all other relief available to him and other

16 | similarly situated employees under California law. Finally, PLAINTIFF seeks declaratory

17 | relief finding that the employment practices and policies of the DEFENDANT violate

18 | California law and injunctive relief to enjoin the DEFENDANT from continuing to engage

19 | in such employment practices.

20 |     13.    In performing the conduct herein alleged, the DEFENDANT also uniformly

21 | misrepresented to the PLAINTIFF and the other members of the CALIFORNIA CLASS that

22 | they were required to purchase things of value from DEFENDANT and that they would be

23 | paid overtime in accordance with applicable state and federal labor laws, when in fact, they

24 | were not. The DEFENDANT's wrongful conduct and violations of law as herein alleged

25 | demeaned and wrongfully deprived PLAINTIFF and the other members of the CLASS of

26 | money and career opportunities to which they were lawfully entitled. DEFENDANT

27 | engaged in such wrongful conduct by failing to have adequate employment policies and

28 | maintaining adequate employment practices consistent with such policies and the applicable

8

1   law. DEFENDANT's wrongful conduct as herein alleged caused the money belonging to

2   the PLAINTIFF and the other members of the CLASS to be kept by DEFENDANT and

3   thereby converted by DEFENDANT for DEFENDANT's own use.

4       14.    Classified and treated by DEFENDANT as non-exempt at the time of hire and

5   thereafter, PLAINTIFF, and all other members of the similarly- situated CALIFORNIA

6   CLASS, are in fact not exempt under Industrial Welfare Commission Wage Order 4-2001

7   and Cal. Lab. Code §§ 515 of 515.5, and therefore are entitled to overtime and the protection

8   of all other labor laws. Despite the undeniable fact that PLAINTIFF, and all other members

9   of the similarly- situated CALIFORNIA CLASS, are in fact not exempt, DEFENDANT

10   failed to comply with the applicable requirements imposed by the California Labor Code and

11   the Wage Order with respect to the calculation of overtime, accurate statements, expense

12   reimbursement, wage deductions, and the required purchase of a thing in value by

13   employees. DEFENDANT's practices violated and continue to violate the law, regardless of

14   whether the employees' work is paid by commission, by salary, by piece rate, or by part

15   commission, part piece rate, and/or part salary. As a result of this policy and practice,

16   DEFENDANT fails to pay overtime in accordance with applicable law.

17       15.    Accordingly, DEFENDANT committed acts of unfair competition in violation

18   of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, by engaging in

19   company-wide policies and procedures which failed to correctly pay all required overtime

20   compensation for all work performed by Technician employees, compelled and/or coerced

21   employees to purchase equipment in violation of Labor Code 450, imposed equipment

22   deductions from employee wages, failed to indemnify employees for all expenses incurred in

23   direct consequence of the performance of their duties, and violated the California Labor

24   Code and regulations promulgated thereunder as herein alleged.

25       16.    PLAINTIFF has no plain, speedy or adequate remedy at law and will suffer

26   irreparable injury if DEFENDANT is permitted to continue to engage in the unlawful acts

27   and practices herein alleged. The illegal conduct alleged herein is continuing and to prevent

28   future injury and losses, and to avoid a multiplicity of lawsuits, PLAINTIFF is entitled to an

9

1  injunction and other equitable relief, on behalf of himself and the CLASS, to prevent and

2  enjoin such practices. PLAINTIFF therefore requests a preliminary and/or permanent

3  injunction as the DEFENDANT provides no indication that DEFENDANT will not continue

4  such activity in the future, along with restitution, penalties, interest, compensation and other

5  equitable relief as provided by law.

6

7  ## THE CALIFORNIA CLASS

8      17.  PLAINTIFF brings this action on behalf of the CALIFORNIA CLASS which

9  consists of all employees of DEFENDANT in California who were, are, or will be employed

10  as Technicians during the period four years prior to the filing of this Complaint and ending

11  on the date as determined by the Court ("CLASS PERIOD"). To the extent equitable tolling

12  operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CLASS

13  PERIOD should be adjusted accordingly. The CALIFORNIA CLASS includes all such

14  persons, whether or not they were paid hourly, by commission, by salary, by piece rate, or by

15  part hourly, part commission, part piece rate, and/or part salary.

16      18.  DEFENDANT, as a matter of corporate policy, practice and procedure, and in

17  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

18  Order Requirements, and the applicable provisions of California law, intentionally,

19  knowingly, and wilfully, engaged in a practice whereby DEFENDANT knows the exact

20  hours the CALIFORNIA CLASS members worked at each location as a result of job activity

21  records but uses an unlawful, unfair and deceptive salary method which failed to pay all

22  required overtime compensation, including overtime compensation owed to the PLAINTIFF

23  and the other members of the CALIFORNIA CLASS, failed to provide accurate itemized

24  statements to the CALIFORNIA CLASS, compelled the CALIFORNIA CLASS to purchase

25  things of value as a condition of employment, deducted equipment charges from their

26  wages, and failed to provide the CALIFORNIA CLASS with indemnification and/or

27  reimbursement of business expenses incurred by employees as a direct consequence of the

28  discharge of their duties.

19.     DEFENDANT, as a matter of corporate policy, practice and procedure, classified all Technicians as non-exempt from overtime wages and other labor laws, and therefore are legally required to pay overtime as required by law and comply with all other labor laws and regulations with respect to these employees.  All Technicians, including the PLAINTIFF, performed the same primary functions and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime compensation, failed to provide business expense reimbursement, compelled all Technician employees to purchase equipment from the DEFENDANT, and imposed deductions on their employees paychecks.  This business practice was uniformly applied to each and every member of the CALIFORNIA CLASS, and therefore, the propriety of these business practices can be adjudicated on a class-wide basis.

20.     DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200, *et seq.*, by unlawfully, unfairly and deceptively having in place company policies, practices and procedures that uniformly denied Plaintiffs and the members of the CALIFORNIA CLASS the correct overtime pay and otherwise violated applicable law;

(b)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200 *et seq.*, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS the correct overtime pay for a workweek longer than forty (40) hours, for hours worked in a day in excess of eight (8), and/or for hours worked on the seventh consecutive day of a workweek;

(c)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by misrepresenting the applicable overtime compensation amount to the

11

CALIFORNIA CLASS;

(d)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200 *et seq.*, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS the correct overtime pay in contravention of California law;

(e)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and,

(f)   Violating Cal. Lab. Code §§ 450, 221 and 2802, by compelling and/or coercing PLAINTIFF and the members of the CALIFORNIA CLASS to purchase equipment and wage statements as a condition of employment, by making deductions from their wages for this equipment, and by failing to pay indemnification to PLAINTIFF and the members of the CALIFORNIA CLASS for business expenses incurred as a consequence of performing their work for DEFENDANT.

21.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. P., rule 23, in that:

(a)   The persons who comprise the CALIFORNIA CLASS exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

12

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.   PLAINTIFF, like all other members of the CALIFORNIA CLASS, was compelled to purchase equipment from DEFENDANT as a condition of employment, was denied reimbursement of business expenses incurred, was subjected to DEFENDANT's illegal practice of failing to pay overtime compensation for all hours worked.   PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.   Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all Class Members.

22.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. P., rule 23, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the

13

1      CALIFORNIA CLASS; and/or,

2         2)   Adjudication with respect to individual members of the

3            CALIFORNIA CLASS which would as a practical matter be

4            dispositive of interests of the other members not party to the

5            adjudication or substantially impair or impede their ability to

6            protect their interests.

7        (b)   The parties opposing the CALIFORNIA CLASS have acted or refused

8          to act on grounds generally applicable to the CALIFORNIA CLASS,

9          making appropriate class-wide relief with respect to the CALIFORNIA

10         CLASS as a whole in that the DEFENDANT practices and policies

11         alleged herein were systematically and uniformly applied to all

12         Technician employees;

13         1)   With respect to the First Cause of Action, the final relief on

14           behalf of the CALIFORNIA CLASS sought does not relate

15           exclusively to restitution because through this claim Plaintiff

16           seeks declaratory relief holding that the DEFENDANT's policy

17           and practices constitute unfair competition, along with

18           declaratory relief, injunctive relief, and incidental equitable

19           relief as may be necessary to prevent and remedy the conduct

20           declared to constitute unfair competition;

21       (c)   Common questions of law and fact exist as to the members of the

22         CALIFORNIA CLASS, with respect to the practices and violations of

23         California Law as listed above, and predominate over any question

24         affecting only individual members, and a Class Action is superior to

25         other available methods for the fair and efficient adjudication of the

26         controversy, including consideration of:

27         1)   The interests of the members of the CALIFORNIA CLASS in

28           individually controlling the prosecution or defense of separate

14

1       actions;

2           2)      The extent and nature of any litigation concerning the

3                   controversy already commenced by or against members of the

4                   CALIFORNIA CLASS;

5           3)      The desirability or undesirability of concentrating the litigation

6                   of the claims in the particular forum;

7           4)      The difficulties likely to be encountered in the management of a

8                   Class Action; and,

9           5)      The basis of DEFENDANT's conduct towards PLAINTIFF and

10                  the CALIFORNIA CLASS.

11      23.     This Court should permit this action to be maintained as a Class Action

12  pursuant to Fed. R. Civ. P., rule 23 because:

13          (a)     The questions of law and fact common to the CALIFORNIA CLASS

14                  predominate over any question affecting only individual members

15                  because the DEFENDANT's employment practices were uniform and

16                  systematically applied with respect to the CALIFORNIA CLASS;

17          (b)     A Class Action is superior to any other available method for the fair

18                  and efficient adjudication of the claims of the members of the

19                  CALIFORNIA CLASS because in the context of employment litigation

20                  a substantial number of individual Class members will avoid asserting

21                  their rights individually out of fear of retaliation or adverse impact on

22                  their employment;

23          (c)     The members of the CALIFORNIA CLASS exceed 100 people and are

24                  therefore so numerous that it is impractical to bring all members of the

25                  CALIFORNIA CLASS before the Court;

26          (d)     PLAINTIFF, and the other CALIFORNIA CLASS members, will not

27                  be able to obtain effective and economic legal redress unless the action

28                  is maintained as a Class Action;

15

CLASS ACTION COMPLAINT

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA CLASS consists of all DEFENDANT's Technicians employed in California during the CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

24.     DEFENDANT maintains records from which the Court can ascertain and identify, by job title and name, each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. The records of DEFENDANT will identify which employees failed to receive compensation for all hours worked, were compelled to purchase equipment, which employees had deductions from their wages and incurred business expenses but did not receive reimbursement. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they

16

1   have been identified.

2

3   ### THE CALIFORNIA LABOR SUBCLASS

4   25.   PLAINTIFF also brings this action on behalf of a subclass which consists of

5   all members of the CALIFORNIA CLASS with documented overtime hours that were

6   subjected to the DEFENDANT'S incomplete payment practices (the "CALIFORNIA

7   LABOR SUBCLASS").  To the extent equitable tolling operates to toll claims by the

8   CALIFORNIA LABOR SUBCLASS against DEFENDANT, the Class period should be

9   adjusted accordingly.  The CALIFORNIA LABOR SUBCLASS includes all such persons,

10  whether or not they were paid hourly, by commission, by salary, by piece rate, or part

11  hourly, by part commission, part piece rate, and/or part salary.

12  26.   DEFENDANT, as a matter of corporate policy, practice and procedure, and in

13  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

14  Order Requirements, and the applicable provisions of federal law, intentionally, knowingly,

15  and wilfully, engaged in a practice whereby DEFENDANT fails to pay all compensation

16  owed for hours worked in excess of 8 in a day, 40 in a week, or on the seventh consecutive

17  day of a work week, including the overtime compensation owed to the PLAINTIFF and the

18  other members of the CALIFORNIA LABOR SUBCLASS, failed to provide accurate

19  itemized statements to the CALIFORNIA LABOR SUBCLASS, compelled the

20  CALIFORNIA LABOR SUBCLASS to purchase things of value as a condition of

21  employment, deducted equipment charges from their wages, and failed to provide the

22  CALIFORNIA LABOR SUBCLASS with indemnification and/or reimbursement of

23  business expenses incurred by employees as a direct consequence of the discharge of their

24  duties.

25  27.   DEFENDANT, as a matter of corporate policy, practice and procedure,

26  classified all Technicians as non-exempt from overtime wages and other labor laws, and

27  therefore are legally required to pay overtime as required by law and comply with all other

28  labor laws and regulations with respect to these employees.  All Technicians, including the

17

PLAINTIFF, performed the same primary functions and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime compensation, failed to provide business expense reimbursement, compelled all Technician employees to purchase equipment from the DEFENDANT, and imposed deductions on their employees paychecks for such equipment purchases. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUBCLASS, and therefore, the propriety of this conduct can be adjudicated on a classwide basis.

28.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS under California law by:

(a)     Violating Cal. Lab. Code § 510 by failing to pay PLAINTIFF and the members of the SUBCLASS the correct overtime pay for a work day longer than eight (8) hours and/or a workweek longer than forty (40) hours, and also for all hours worked on the seventh (7th) consecutive day of a workweek for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194; and

(b)     Violating Cal. Lab. Code § 201 and/or § 202, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUBCLASS who have terminated their employment.

29.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. P., rule 23, in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUBCLASS exceed 100 individuals and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

18

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUBCLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUBCLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFF, like all other members of the CALIFORNIA LABOR SUBCLASS, was compelled to purchase equipment from DEFENDANT as a condition of employment, was denied reimbursement of business expenses incurred, and did not receive overtime for all hours worked in excess of 8 in a day, 40 in a week or on the seventh consecutive workday of a workweek. PLAINTIFF and all other members of the CALIFORNIA LABOR SUBCLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California. PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUBCLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously assert the claims of all Class Members.

30.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. P., rule 23, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUBCLASS will create the risk of:

    1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUBCLASS; or,

    2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANT compelled these employees to purchase equipment from DEFENDANT as a condition of employment, denied these employees reimbursement of business expenses incurred, and incorrectly paid these employees overtime compensation for all hours worked as a result of DEFENDANT's systematic practices and policies;

(c)   Common questions of law and fact exist as to the members of the CALIFORNIA LABOR SUBCLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or defense of separate actions;

2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA LABOR SUBCLASS;

3)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)    The difficulties likely to be encountered in the management of a Class Action; and,

5)    The basis of DEFENDANT's conduct towards PLAINTIFF and the CALIFORNIA LABOR SUBCLASS.

31.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. P., rule 23 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual Class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUBCLASS exceed 100 individuals and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUBCLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS

members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h) The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUBCLASS consists of those Technicians who worked overtime but were subjected to the DEFENDANT's overtime practices; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

32. DEFENDANT  maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged.  The records of DEFENDANT will identify which employees worked overtime and the overtime compensation payment made, if any, by DEFENDANT

22

for such overtime work.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## JURISDICTION AND VENUE

33.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C.§1331 (federal question jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. §1332 (CAFA Jurisdiction).  The action is brought as a class action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that exceeds 100 people, that involves more than $5,000,000 in controversy, and where the citizenship of at least one member of the class is diverse from that of DEFENDANT. PLAINTIFF's citizenship is diverse from that of DEFENDANT, and one or more of the members of the CLASS reside outside of Ohio and Pennsylvania.

34.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. §1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arose in whole or in part in this judicial district, (iii) DEFENDANT committed wrongful conduct against members of the class in this district, (iv) DEFENDANT is subject to personal jurisdiction in this judicial district.

## FIRST CAUSE OF ACTION

### For Unlawful, Unfair and Deceptive Business Practices

### [Cal. Bus. And Prof. Code § 17200 et seq.]

### (By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)

35.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 34 of this Complaint.  This cause of action is brought on behalf of PLAINTIFF and the CALIFORNIA CLASS.

36.    DEFENDANT is "persons" as that term is defined under California Business

& Professions Code § 17021.

37.     California Business & Professions Code § 17200 *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

38.     By the conduct alleged herein, DEFENDANT has engaged in a business practice which violates federal and California law, including but not limited to provisions of the Wage Orders, the Regulations implementing the Fair Labor Standards Act as enacted by the Secretary of Labor, the California Labor Code, the Code of Federal Regulations and the California Code of Regulations, the opinions of the Department of Labor Standards Enforcement, California Labor Code §201, § 202, § 226(a), §450, §510, and/or §2802, for which this Court should issue declaratory, injunctive and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition.

39.     By and through the unfair and unlawful business practices described herein above, DEFENDANT has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete.  Declaratory and injunctive relief is necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not afford adequate and complete relief.

40.     All the acts described herein as violations of, among other things, the Cal.

Lab. Code, California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and are likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 *et seq.*

41.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further entitled to, and do, seek a declaration that the above described business practices are deceptive unfair and/or unlawful and that an injunctive relief should be issued restraining DEFENDANT from engaging in any of these deceptive, unfair and unlawful business practices in the future.

42.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices. In addition, DEFENDANT should be required to disgorge the unpaid moneys to PLAINTIFF, and the other members of the CALIFORNIA CLASS.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 515.5, 1194 and 1198]

### (By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS and Against all Defendants)

43.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 42 of this Complaint. This cause of action is brought on behalf of

25

PLAINTIFF and the CALIFORNIA LABOR SUBCLASS for the period which begins three years before the filing of this Complaint and continuing to the present.

44.     Cal. Lab. Code § 510 states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

45.     Cal. Lab. Code § 1194 states:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

46.     In addition, Labor Code Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or
causes to be violated, a section of this chapter or any provision regulating hours and
days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor

26

Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

47.     DEFENDANT has intentionally and uniformly failed to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, who are classified as non-exempt employees, the correct amount of overtime required by law for all hours worked by these employees.   DEFENDANT fails to pay overtime compensation for all hours worked in excess of 8, in excess of 40 in a workweek, and/or on the seventh consecutive workiday of a workweek, thereby incorrectly pays the members of the CALIFORNIA LABOR SUBCLASS a reduced amount of overtime compensation.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

48.     No member of the CALIFORNIA LABOR SUBCLASS was or is an executive, administrator, professional or computer professional because they all fail to meet the requirements established by Order No. 4-2001 for such an exemption.  PLAINTIFF, and other members of the CALIFORNIA LABOR SUBCLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a)     They primary duties necessitated the performance of manual labor, and therefore the Technicians did not work as executives or administrators; and,

(b)     The professional exemption articulated in Wage Order No. 4, section (1)(A)(3)(h) and Labor Code § 515, and the professional exemption articulated in Cal. Lab. Code § 515.5, does not apply to PLAINTIFF, or to the other members of the CALIFORNIA LABOR SUBCLASS, because they are either computer software employees paid less than the requisite amount set forth in Cal. Lab. § 515.5(a)(4) and under subdivision (1)(A)(3)(h)(iv) of Order No. 4, and/or did not otherwise meet all the applicable requirements to work under the exemption of professional employee for the reasons set forth above in this Complaint.

49.     During the class period, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, worked more that eight (8) hours in a workday, and/or more than forty (40) hours in a workweek and/or also worked on the seventh (7th) day of a workweek without compensation.  This overtime work is documented by IKON Activity Reports but was paid incorrectly as herein alleged.

50.     At all relevant times, DEFENDANT systematically and uniformly, as a matter of company policy and practice, failed to correctly pay PLAINTIFF, and other members of the CALIFORNIA LABOR SUBCLASS, the required amount of overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, were regularly required to work, and did in fact work, overtime hours.

51.     By virtue of DEFENDANT's unlawful failure to fully pay the required compensation to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS for the documented overtime hours worked, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

52.     DEFENDANT knew or should have known that PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, were not paid the correct amount of overtime compensation because DEFENDANT (1) directed the employee to perform the work, (2) documented the unpaid hours worked in reports, (3) directed the employee to travel or attend training, and/or (4) knew that the requirements of the Technician employees required them to perform work which was not recorded by the telephone system or the handheld device system used by DEFENDANT to record hours, and therefore, either through intentional malfeasance or gross nonfeasance, elected not to fully pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

53.     Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR

28

SUBCLASS, request recovery of overtime compensation according to proof, interest, and costs pursuant to Cal. Lab. Code §1194(a), as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other statutes. Further, as provided by Cal lab. Code § 203, on behalf of employees in the CALIFORNIA LABOR SUBCLASS who have terminated their employment, these employees are also entitled to thirty days of pay as penalty for not paying all wages due at time of termination as required by law, and hereby demand an accounting and payment of all wages due, plus interest.

54.    In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite overtime compensation, the DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CALIFORNIA LABOR SUBCLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS.

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS and against All Defendants)

55.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 54 of this Complaint. This cause of action is brought on behalf of PLAINTIFF and the CALIFORNIA LABOR SUBCLASS.

56.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

57.    At all times relevant herein, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  DEFENDANT also failed to provide a written wage statement without charge to the employee, as required by Labor Code § 226(a).

58.    DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not

30

properly paid to state and federal tax authorities.  These damages are difficult to estimate.

Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS

may recover liquidated damages of $50.00 for the initial pay period in which the violation

occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code §

226, in an amount according to proof at the time of trial (but in no event more than

$4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR

SUBCLASS herein) plus such other relief as ordered by the Court pursuant to Labor Code §

226(g).

## FOURTH CAUSE OF ACTION

### For Failure to Provide Indemnification of Business Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)

59.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1

through 58 of this Complaint.  This cause of action is brought on behalf of PLAINTIFF and

the CALIFORNIA CLASS.

60.    Pursuant to Cal. Labor Code § 2802, DEFENDANTS are required to

reimburse PLAINTIFFS and other members of the CALIFORNIA CLASS for the expenses

incurred by them in the performance of their job duties, including but not limited to

expenses incurred by the use of their vehicles, mileage, cell phone usage, equipment

purchases, uniforms, internet usage, and telephone usage resulting from the performance of

their job duties, at a reasonable rate.

61.    At all times relevant herein, DEFENDANT violated Labor Code § 2802, in

that during the last four years, PLAINTIFFS and the other members of the CALIFORNIA

CLASS have been required to personally incur and pay for these expenses in the discharge

of their employment duties all without reimbursement from the DEFENDANT.

DEFENDANT's company policy and practice was not to pay, or not to fully pay, employees

CLASS ACTION COMPLAINT

reimbursement for business expenses and instead to even deduct expenses from employee wage sums in violation of Cal. Labor Code §221 and the regulations of the Industrial Welfare Commission.

62.     As a proximate result of the aforementioned violations, PLAINTIFF, and the other members of the CALIFORNIA CLASS, have been damaged in an amount according to proof at trial.  Pursuant to Labor Code § 2802, PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to recover the full amount of expenses they incurred in the course of the job duties.

## FIFTH CAUSE OF ACTION

### For Failure to Pay Overtime Compensation

### [FLSA, 29 U.S.C. § 201, *et seq.*]

### (By PLAINTIFF and the COLLECTIVE CLASS)

63.     PLAINTIFF, on behalf of himself and the other members of the COLLECTIVE CLASS,  reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 62 of this Complaint. This cause of action is brought on behalf of PLAINTIFF and the COLLECTIVE CLASS.

64.     PLAINTIFF also brings this lawsuit on behalf of himself individually and as collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of all persons nationwide who were, are, or will be employed by DEFENDANT in a position entitled "Technician" or "Customer Service Technician", or in any other substantially similar positions (collectively "Technician Employees") during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine (the "COLLECTIVE CLASS PERIOD"), who were classified as exempt from overtime compensation based on job title alone (the "COLLECTIVE CLASS").  To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or not

they were paid hourly, by piece rate, by commission, by salary, or by part hourly, part commission and/or part salary.

65.   PLAINTIFF, and the other members of the COLLECTIVE CLASS, are paid a salary but are not paid overtime compensation for all hours worked in excess of forty (40) hours in a work week.

66.   Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

    a.   Whether DEFENDANT failed to adequately compensate the members of the COLLECTIVE CLASS for all hours worked in excess of forty (40) in a workweek as required by the FLSA, including the time worked through their meal periods;

    b.   Whether DEFENDANTS should be enjoined from continuing the practices which violate the FLSA; and,

    c.   Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

67.   The Fifth cause of action for the violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the claims of the PLAINTIFF are similar to the claims of the members of the prospective COLLECTIVE CLASS.

68.   PLAINTIFF and the other members of the COLLECTIVE CLASS are similarly situated, have substantially similar job requirements and pay provisions, and are subject to DEFENDANT's common and uniform policy and practice of failing to pay for all overtime hours worked and overtime wages earned in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

69.   DEFENDANT is engaged in communication, business, and transmission throughout the United States and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

70.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA. The violations of the FLSA alleged herein were willful.

71.     The Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, states that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation. 29 C.F.R. §778.223 and 29 C.F.R. §778.315. This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

72.     Section 207(a) of the FLSA provides that:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

73.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his

34

hours worked in the workweek are devoted to such activities).

74.    DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by paying these employees a salary, including PLAINTIFF and the other members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANT's business enterprise, but failed to properly pay overtime compensation for all hours worked in excess of forty (40) in a work week. This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

75.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to overtime compensation for all overtime hours actually worked. PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

76.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

77.    The exemptions of the FLSA as listed in section 13(a)(15) do not apply to PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, manual, and production line labor.

78.    For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee is compensated on a salary basis at a rate of not less than $ 455 per week.

(b)    The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(c)    The employee must customarily and regularly direct the work of at least two (2) or more other employees;

35

(d)  The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(e)  The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

79.  For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)  The employee is compensated on a salary basis at a rate of not less than $ 455 per week.

(b)  The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(c)  The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

(d)  The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(e)  The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(f)  The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.200.  PLAINTIFF and the other members of the COLLECTIVE CLASS perform their primary, day to day duties on the production side of the DEFENDANT's enterprise without the requisite amount of discretion and independent judgment required to

qualify for the administrative exemption.

80.     During the COLLECTIVE CLASS PERIOD, PLAINTIFF, and other members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week.

81.     At all relevant times, DEFENDANT failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by section 7 of the FLSA, even though PLAINTIFF and the other members of the COLLECTIVE CLASS, were regularly required and scheduled to work, and did in fact work, overtime hours.

82.     For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT concerning the classification of and payment of overtime wages to Claims Examiner Employees were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

83.     As a result of DEFENDANT's failure to pay overtime compensation for hours worked, as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

84.     PLAINTIFF, therefore, demand that he and the other members of the COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, liquidated damages, plus interest as provided by law.


## PRAYER

WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

A)     That the Court certify the First, Second, Third and Fourth Causes of Action asserted to proceed as a class action pursuant to Fed. R. Civ. Proc., rule 23;

B)     Compensatory damages, according to proof at trial due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

37

B)     Restitution, according to proof at trial, due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

C)     On behalf of the CALIFORNIA CLASS, declaratory, injunctive and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition.

D)     On behalf of the CALIFORNIA CLASS, an order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in practices which violate the UCL and similar unlawful conduct as set forth herein;

E)     An order requiring DEFENDANT to provide an accounting of all hours worked, all wages, and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS;

F)     An award of interest, including prejudgment interest at the legal rate;

H)     An award of liquidated damages, penalties, statutory damages, and cost of suit. Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

I)     Such other and further relief as the Court deems just and proper.

Dated:  March 18 2009

BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
        Norman B. Blumenthal
        Attorneys for Plaintiff

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on issues triable to a jury.

Dated:  March 18, 2009

BLUMENTHAL, NORDREHAUG &
BHOWMIK

By: _____
Norman B. Blumenthal
Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

K:\D\NBB\Moore v. Ikon Office Solutions\p-Complaint-Final.wpd

40

CLASS ACTION COMPLAINT

**JS 44 (Rev. 12/07)** ORIGINAL  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GLEN MOORE

**DEFENDANTS** F I L E D
IKON OFFICE SOLUTIONS, INC.

'09 MAR 18  PH 4:14

**(b)** County of Residence of First Listed Plaintiff  Santa Barbara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Norman Blumenthal, Blumenthal, Nordrehaug & Bhowmik,
2255 Calle Clara, La Jolla, CA, 92037, (858)551-1223

Attorneys (If Known)  BY  DEPUTY
'09 CV 0556 IEG  POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 216(b) (Fair Labor Standards Act) and 28 U.S.C. §1332 (CAFA Jurisdiction)
Brief description of cause:
Claims for unpaid overtime compensation under Federal and California law
28 . 1351

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 5,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE
03/18/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 161164   AMOUNT 350.   APPLYING IFP   JUDGE   MAG. JUDGE

CR   3/18/09

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 161164    — SR
* * C O P Y * *
March 18, 2009
16:16:28

Civ Fil Non-Pris
USAO #.: 09CV0556
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC#12008

Total-> $350.00

FROM: MOORE V. IKON OFFICE SOLUTIONS
        CIVIL FILING