**BLUMENTHAL, NORDREHAUG & BHOWMIK**
 Norman B. Blumenthal (State Bar #068687)
 Kyle R. Nordrehaug (State Bar #205975)
 Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

**UNITED EMPLOYEES LAW GROUP**
Walter Haines, Esq. (CSB #71075)
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN MOORE, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>IKON OFFICE SOLUTIONS, INC.,<br><br>        Defendants. | CASE No. **09 cv 0556 IEG (POR)**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*;<br>2.  FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE § 510, *et seq.*;<br>3.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>4.  FAILURE TO PROVIDE INDEMNIFICATION OF EXPENDITURES  IN VIOLATION OF CAL. LAB. CODE § 2802; and,<br>5. FAILURE TO PAY COMPENSATION IN VIOLATION OF 29 U.S.C. § 201, *et seq.*<br><br>DEMAND FOR A JURY TRIAL |

1    Plaintiff Glen Moore, an individual, alleges upon information and belief, except for

2   his own acts and knowledge which are alleged based upon personal knowledge, the

3   following:

4

5                                    **PARTIES**

6    1.    Plaintiff Glen Moore ("PLAINTIFF") was hired by Defendant IKON

7   Office Solutions, Inc. ("DEFENDANT" or "IKON") in 2003 to work as a "Customer

8   Service Technician."  DEFENDANT employs individuals in various positions which are

9   titled "Customer Service Technician," Master Customer Service Technician, and "Customer

10  Service Technical Specialist," all of which perform the same non-exempt activities and are

11  subject to the same policies and practices of the DEFENDANT.  Employees in the positions

12  with the titles "Customer Service Technician," Master Customer Service Technician, and/or

13  "Customer Service Technical Specialist," are hereinafter collectively referred to as

14  "Technicians".  As a Technician, PLAINTIFF's principal and primary job duties required

15  the performance of manual labor in order to maintain and to repair copiers leased by IKON

16  to customers of IKON.  To perform these services, Plaintiff was required to drive and travel

17  to the locations specified IKON, and order parts for the performance of maintenance and

18  repair of copiers for IKON's customers.  In performing these duties, PLAINTIFF did not

19  and does not now utilize any independent discretion, judgment, or management decisions

20  with respect to matters of significance.  To the contrary, the work of PLAINTIFF as a

21  Technician is to provide, on a daily basis, installation, maintenance and repair services

22  related to the copiers of IKON's customers in accordance with the management decisions

23  and business policies established by DEFENDANT.  In fact, no installation, maintenance or

24  repair of a copier may be made by PLAINTIFF without first obtaining approval and

25  instructions from DEFENDANT.  As a result, PLAINTIFF is entitled to be classified as non-

26  exempt from overtime laws and other applicable labor laws and is entitled to be paid

27  overtime as required by California law.  DEFENDANT, however, fails to pay PLAINTIFF

28  the correct amount of overtime compensation because DEFENDANT fails to accurately

2

record and pay for all hours worked by PLAINTIFF and other Technicians.  DEFENDANTS fails to fully pay for all hours worked because (1) the Service Call Activity Reports show that Technicians worked hours in excess of eight (8) hours in a day and forty (40) hours in a workweek, but they are not paid overtime for all such hours, (2) Technicians are required to work on call but are not paid overtime for the on-call hours worked, which include time spent performing telephonic support, (3) hours worked attending training and traveling are not recorded, and (4) time spent after normal business hours preparing parts, orders and repairs for the next day's work is not recorded.

2.     In addition, DEFENDANT has charged PLAINTIFF and other Technicians for uniform equipment and failed to reimburse theses employees for uniform equipment that is used in the performance of Technician's job duties.  As a result, DEFENDANT fails to provide PLAINTIFF and other Technicians with the required reimbursement of business expenses incurred by them in the performance of their job duties and according to the policies of the DEFENDANT.   Further, DEFENDANT fails to provide PLAINTIFF and other Technician employees with an accurate wage statement in compliance with California law, and even requires these employees to pay a charge to receive a wage statement, which is still inaccurate when provided.  Finally, upon the involuntary termination of PLAINTIFF's employment, DEFENDANT failed to pay all wages due PLAINTIFF within the time required by California law, and PLAINTIFF believes this policy of late payment, illegal payment and/or non-payment of all wages due was also applied to other Technician employees.

2.     Defendant IKON Office Solutions, Inc. is an Ohio Corporation, with its headquarters and principal place of business in Pennsylvania.  DEFENDANT maintains offices throughout California, including offices in San Diego, Irvine, Los Angeles, Sacramento, Bakersfield, San Francisco, Oakland and Walnut Creek.  DEFENDANT conducted and continues to conduct substantial and regular business throughout California. DEFENDANT is an enterprise engaged in commerce by engaging in the enterprise of the transmission of electronic data through the interstate commerce and phone lines and in an

3

1   enterprise of the production of goods in connection with regularly and recurrently receiving

2   or transmitting interstate communications.

3          3.      DEFENDANT represents that IKON Office Solutions, Inc., is a Ricoh

4   company and is a leading provider of innovative document management systems and

5   services, enabling customers to improve document workflow and increase efficiency.

6   DEFENDANT represents that DEFENDANT's business is to integrate copiers, printers and

7   MFP technologies, and document management software and systems, to deliver tailored,

8   high-value solutions, implemented and supported by its team of services professionals.   To

9   provide this product, DEFENDANT represents that DEFENDANT "leverages the

10  manufacturing and engineering expertise of Ricoh, a $22 billion global technology

11  innovator, with the experience and reach of its locally based sales and services teams, to

12  provide end-to-end solutions and one of the industry's broadest portfolios of document

13  management services, including on-site and off-site managed services, technical service and

14  support, and customized workflow design and implementation."  Technicians are part of the

15  "locally based" "service teams" which help deliver the DEFENDANT's product to

16  DEFENDANT's clients.  In order to provide the DEFENDANT's product to clients and be

17  the largest and strongest document management company possible, DEFENDANT requires

18  a large pool of Technicians to perform the installation, repair and maintenance services for

19  the client's copiers.

20         4.      DEFENDANT was known as Alco Standard Corporation prior to its name

21  change to IKON in January 1997.  Since the 1960s Alco was a holding company with

22  operations in a variety of industries including steel, gift and glassware, food service,

23  aerospace, paper and office products. By 1992, Alco was a distribution company with two

24  business groups—paper and office products. The paper business was spun off to Alco

25  shareholders in December 1996.  Alco/IKON aggressively acquired businesses from fiscal

26  1994 to 1998, including traditional office equipment products and service providers,

27  outsourcing and imaging services companies and technology products and services

28  organizations. Beginning in fiscal 1999, IKON ceased its acquisition activity in North

4

1  America and began to transform from a decentralized holding company of more than 450

2  acquisitions to an integrated operating company focused on document management products

3  and services.

4        5.      Beginning in 2000, IKON's vision was to become the largest and strongest

5  independent document management channel in the world. In 2008, IKON was acquired by

6  Ricoh Company, Ltd., for $1.62 billion.  As a Ricoh company, IKON leverages the

7  manufacturing and engineering expertise of a global technology innovator like IKON, with

8  the experience and reach of its locally based sales and services teams, to provide end-to-end

9  solutions and one of the industry's broadest portfolios of document management services.

10  Ricoh is a global leader in digital office solutions, and Ricoh technology is designed to

11  empower businesses to improve critical processes, keep information secure, ensure

12  compliance and promote environmental sustainability while reducing the total cost of

13  ownership.  IKON and Ricoh's strengths complement each other, creating an industry

14  powerhouse that can push innovation and customer service to new heights.  The combined

15  strength of IKON and Ricoh strengthens their service offerings, reduces costs and increases

16  efficiency.  In 2007, DEFENDANT's estimated revenues exceeded $4 billion.

17        6.      DEFENDANT's Technicians, like the PLAINTIFF, primarily perform manual

18  labor associated with the installation, repair and maintenance of copiers at locations

19  specified by the DEFENDANT.  These services consist of (i) receiving DEFENDANT's

20  instructions, (ii) reviewing repair procedures and ordering parts, (iii) driving to the specified

21  location, (iv) performing billing procedures, (v) installing, repairing and/or maintaining

22  copiers by cleaning, diagnosing, lifting, assembling and repairing the copiers,  and (v)

23  performing troubleshooting of the customer's problems.  These duties require Technicians to

24  utilize safety equipment and other tools in the performance of their job.  In order to meet the

25  requirements of the DEFENDANT's service standards, DEFENDANT's Technicians are

26  working during the week, remaining on-call and handling telephonic support, and

27  performing services at multiple customer premises, all at the direction of the DEFENDANT.

28  DEFENDANT then pays hourly compensation to the Technicians, but failed and fails to pay

1  the required amount of additional premium or overtime pay for the above job duties when

2  the Technician's work performed exceeds eight hours in a day, forty hours in a week or

3  occurs on the seventh consecutive day in a work week.

4         7.     The DEFENDANT named in this Complaint operated by and through certain

5  agents, directors, principals, employees and/or other responsible persons, and each such

6  person was acting within the course of scope of his or her authority as the agent and/or

7  employee of Defendant and each of the other.  Consequently, the DEFENDANT named

8  herein and all such agents, directors, principals, employees and/or other responsible persons

9  and each such person may be jointly and severally liable to the PLAINTIFF and the other

10  members of the CALIFORNIA CLASS, for the losses sustained as a proximate result of

11  DEFENDANT'S conduct as herein alleged.  PLAINTIFF will amend the Complaint to name

12  any additional such responsible persons or entities when and if their identities are

13  discovered.

14

15  **CONDUCT**

16         8.     Plaintiff Glen Moore ("PLAINTIFF") was first employed by DEFENDANT in

17  the capacity of a Technician in or around December 1995 and continued to be employed as a

18  Technician until DEFENDANT terminated his employment in February 2009.  PLAINTIFF

19  and the other Technicians work and worked as a service team member on the production

20  side of DEFENDANT's business.  The primary job duties of PLAINTIFF and other

21  Technicians are to perform manual labor in order to install, configure and repair copier

22  equipment at the direction of DEFENDANT.  As a result of this work, PLAINTIFF was

23  primarily involved in providing day to day routine installation, maintenance and repair of

24  copier equipment at business locations specified by DEFENDANT.  This work was

25  executed primarily by the performance of manual labor within a defined skill set, involving

26  the routing of wiring, cleaning of equipment, the replacement of parts and the execution of

27  paperwork and orders, pursuant to standardized protocol and training followed by these

28  employees.  Physical demands of the position include standing, sitting, walking, bending,

6

1   lifting, drilling, and moving equipment, which work DEFENDANT have admits is non-

2   exempt work.  As a result, the Technician position is a non-exempt position and was in fact

3   classified as non-exempt by the DEFENDANT.  PLAINTIFF performed these tasks by

4   traveling to off-site locations as directed by DEFENDANT in his own vehicle.  Since 2005,

5   PLAINTIFF, as a Technician on the production side of his service team, worked overtime

6   but was not fully paid the overtime compensation to which he was entitled because of

7   DEFENDANT's systematic failure to pay for all time spent working, preparing, training and

8   traveling.  By failing to correctly record and pay for all hours worked, DEFENDANT

9   systematically underpaid overtime compensation to Technician employees for their hours

10  worked and even for documented overtime hours worked.  As a result, PLAINTIFF worked

11  more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th)

12  consecutive day of a workweek but was not fully compensated for these hours of overtime

13  work as required by law.  In addition, DEFENDANT's policies and practices for the

14  payment of compensation owed at employment termination fails to comply with applicable

15  California law, and these policies and practices were applied to PLAINTIFF who, as a result

16  of these policies and practices, failed to timely receive payment of final wages due, failed to

17  receive full payment of wages due, and failed to receive final payment in the required form

18  in violation of Cal. Labor Code §212(a), upon the termination of PLAINTIFF's

19  employment.

20      9.      In addition, as a condition of employment, DEFENDANT required

21  PLAINTIFF and the other Technicians to wear uniforms for which they were required to

22  purchase uniform equipment from DEFENDANT and for which no reimbursement was

23  provided.  DEFENDANT also has a policy of charging PLAINTIFF and the other

24  Technicians to receive a wage statement in writing, even though DEFENDANT is required

25  to furnish one under Cal. Labor Code § 226(a).  As a direct consequence and requirement of

26  performing their work duties for the DEFENDANT, PLAINTIFF and other Technicians

27  incur business expenses for which DEFENDANT refuses to provide reimbursement as

28  required by law.  The business expenses incurred by Technicians include mileage and

7

1  charges for equipment required by DEFENDANT to perform the duties assigned by

2  DEFENDANT.  PLAINTIFF and other Technicians are required to incur these expenses to

3  perform their job duties but DEFENDANT has established no procedure to provide full

4  reimbursement of these expenses to employees and has refused to provide full

5  reimbursement.

6      10.      Individuals in these Technician positions are and were employees who are

7  entitled to regular, and overtime compensation and prompt payment of amounts that the

8  employer owes an employee when the employee quits or is terminated, and other

9  compensation and working conditions that are prescribed by law.  Although DEFENDANT

10  requires their employees employed as Technicians, and other similarly situated positions, to

11  work more than forty (40) hours a week, eight (8) hours in a workday, and /or on the seventh

12  (7th) consecutive day of a workweek, as a matter of company policy and practice,

13  DEFENDANT consistently and uniformly denies them the correct overtime compensation

14  that the law requires.  The PLAINTIFF and known members of the CLASS work or worked

15  in California and DEFENDANT'S practices and procedures are and were common

16  throughout California.

17      11.      Plaintiff Glen Moore ("PLAINTIFF") brings this class action on behalf of

18  himself and a California class consisting of all individuals who are or previously were

19  employed by Defendant IKON Office Solutions, Inc. (hereinafter referred to as

20  "DEFENDANT") in a staff position as a Customer Service Technician, or in any other

21  similarly situated position ("Technicians") (the "CALIFORNIA CLASS").  The class period

22  applicable to this CALIFORNIA CLASS is the period beginning four years prior to the

23  filing of this Complaint and ending on the date of as determined by the Court (the "CLASS

24  PERIOD").  As a matter of company policy and practice,  DEFENDANT has unlawfully,

25  unfairly and deceptively failed to pay the required overtime compensation and otherwise

26  failed to comply with all labor laws with respect to these Technicians.

27      12.      In this action, PLAINTIFF, on behalf of himself and the CALIFORNIA

28  CLASS, seeks to recover all the compensation that DEFENDANT was required by law to

8

1   provide, but failed to provide, to PLAINTIFF and all other CALIFORNIA CLASS

2   members.     PLAINTIFF also seeks penalties and all other relief available to him and other

3   similarly situated employees under California law.  Finally, PLAINTIFF seeks declaratory

4   relief finding that the employment practices and policies of the DEFENDANT violate

5   California law and injunctive relief to enjoin the DEFENDANT from continuing to engage

6   in such employment practices under Business & Professions Code §17203.

7          13.     In performing the conduct herein alleged, the DEFENDANT also uniformly

8   misrepresented to the PLAINTIFF and the other members of the CALIFORNIA CLASS that

9   they were required to purchase things of value from DEFENDANT and that they would be

10  paid overtime in accordance with applicable state and federal labor laws, when in fact, they

11  were not.  The DEFENDANT's wrongful conduct and violations of law as herein alleged

12  demeaned and wrongfully deprived PLAINTIFF and the other members of the CLASS of

13  money and career opportunities to which they were lawfully entitled.  DEFENDANT

14  engaged in such wrongful conduct by failing to have adequate employment policies and

15  maintaining adequate employment practices consistent with such policies and the applicable

16  law.  DEFENDANT's wrongful conduct as herein alleged caused the money belonging to

17  the PLAINTIFF and the other members of the CLASS to be kept by DEFENDANT and

18  thereby converted by DEFENDANT for DEFENDANT's own use.

19         14.     Classified and treated by DEFENDANT as non-exempt at the time of hire and

20  thereafter, PLAINTIFF, and all other members of the similarly- situated CALIFORNIA

21  CLASS, are in fact not exempt under Industrial Welfare Commission Wage Order 4-2001

22  and Cal. Lab. Code §§ 515 of 515.5, and therefore are entitled to overtime and the protection

23  of all other labor laws.  Despite the undeniable fact that PLAINTIFF, and all other members

24  of the similarly- situated CALIFORNIA CLASS, are in fact not exempt, DEFENDANT

25  failed to comply with the applicable requirements imposed by the California Labor Code and

26  the Wage Order with respect to the calculation of overtime, accurate statements, expense

27  reimbursement, wage deductions, and the required purchase of a thing in value by

28  employees.  DEFENDANT's practices violated and continue to violate the law, regardless of

1   whether the employees' work is paid by commission, by salary, by piece rate, or by part

2   commission, part piece rate, and/or part salary.  As a result of this policy and practice,

3   DEFENDANT fails to pay overtime in accordance with applicable law.

4         15.    Accordingly, DEFENDANT committed acts of unfair competition in violation

5   of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, by engaging in

6   company-wide policies and procedures which failed to correctly pay all required overtime

7   compensation for all work performed by Technician employees, compelled and/or coerced

8   employees to purchase equipment in violation of Labor Code 450, imposed equipment

9   deductions from employee wages, failed to indemnify employees for all expenses incurred in

10   direct consequence of the performance of their duties, and violated the California Labor

11   Code and regulations promulgated thereunder as herein alleged.

12         16.    PLAINTIFF has no plain, speedy or adequate remedy at law and will suffer

13   irreparable injury if DEFENDANT is permitted to continue to engage in the unlawful acts

14   and practices herein alleged.  The illegal conduct alleged herein is continuing and to prevent

15   future injury and losses, and to avoid a multiplicity of lawsuits, PLAINTIFF is entitled to an

16   injunction and other equitable relief, on behalf of himself and the CLASS, to prevent and

17   enjoin such practices in accordance with Cal. Bus. & Prof. Code §17203.  Therefore, under

18   Cal. Bus. & Prof. Code §17203, PLAINTIFF requests a preliminary and/or permanent

19   injunction as the DEFENDANT provides no indication that DEFENDANT will not continue

20   such activity in the future, along with restitution, penalties, interest, compensation and other

21   equitable relief as provided by law.

22

23                     **THE CALIFORNIA CLASS**

24         17.    PLAINTIFF brings this action on behalf of the CALIFORNIA CLASS which

25   consists of all employees of DEFENDANT in California who were, are, or will be employed

26   as Technicians during the period four years prior to the filing of this Complaint and ending

27   on the date as determined by the Court ("CLASS PERIOD").  To the extent equitable tolling

28   operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CLASS

1  PERIOD should be adjusted accordingly.  The CALIFORNIA CLASS includes all such

2  persons, whether or not they were paid hourly, by commission, by salary, by piece rate, or

3  by part hourly, part commission, part piece rate, and/or part salary.

4       18.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

5  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

6  Order Requirements, and the applicable provisions of California law, intentionally,

7  knowingly, and wilfully, engaged in a practice whereby DEFENDANT knows the exact

8  hours the CALIFORNIA CLASS members worked at each location as a result of job activity

9  records but uses an unlawful, unfair and deceptive compensation method which failed to pay

10  all required overtime compensation, including overtime compensation owed to the

11  PLAINTIFF and the other members of the CALIFORNIA  CLASS, failed to provide

12  accurate itemized statements to the CALIFORNIA CLASS, compelled the CALIFORNIA

13  CLASS to purchase things of value as a condition of employment, deducted equipment

14  charges from their wages, and failed to provide the CALIFORNIA CLASS with

15  indemnification and/or reimbursement of business expenses incurred by employees as a

16  direct consequence of the discharge of their duties.

17       19.    DEFENDANT, as a matter of corporate policy, practice and procedure,

18  classified all Technicians as non-exempt from overtime wages and other labor laws, and

19  therefore are legally required to pay overtime as required by law and comply with all other

20  labor laws and regulations with respect to these employees.  All Technicians, including the

21  PLAINTIFF, performed the same primary functions and were paid by DEFENDANT

22  according to uniform and systematic company procedures, which, as alleged herein above,

23  failed to correctly pay overtime compensation, failed to provide business expense

24  reimbursement, compelled all Technician employees to purchase equipment from the

25  DEFENDANT, and imposed deductions on their employees paychecks.  This business

26  practice was uniformly applied to each and every member of the CALIFORNIA CLASS,

27  and therefore, the propriety of these business practices can be adjudicated on a class-wide

28  basis.

FIRST AMENDED CLASS ACTION COMPLAINT

20.     DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200, *et seq.*, by unlawfully, unfairly and deceptively having in place company policies, practices and procedures that uniformly denied Plaintiffs and the members of the CALIFORNIA CLASS the correct overtime pay and otherwise violated applicable law;

(b)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200 *et seq.*, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS the correct overtime pay for a workweek longer than forty (40) hours, for hours worked in a day in excess of eight (8), and/or for hours worked on the seventh consecutive day of a workweek;

(c)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by misrepresenting the applicable overtime compensation amount to the CALIFORNIA CLASS;

(d)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200 *et seq.*, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS the correct overtime pay in contravention of California law;

(e)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and,

(f)     Violating Cal. Lab. Code §§ 450, 221 and 2802, by compelling and/or

FIRST AMENDED CLASS ACTION COMPLAINT

coercing PLAINTIFF and the members of the CALIFORNIA CLASS to purchase equipment and wage statements as a condition of employment, by making deductions from their wages for this equipment, and by failing to pay indemnification to PLAINTIFF and the members of the CALIFORNIA CLASS for business expenses incurred as a consequence of performing their work for DEFENDANT.

21.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. P., rule 23, in that:

(a)     The persons who comprise the CALIFORNIA CLASS exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.   PLAINTIFF, like all other members of the CALIFORNIA CLASS, was compelled to purchase equipment from DEFENDANT as a condition of employment, was denied reimbursement of business expenses incurred, was subjected to DEFENDANT's illegal practice of failing to pay overtime compensation for all hours worked.   PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT; and,

13

(d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all Class Members.

22.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. P., rule 23, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANT practices and policies alleged herein were systematically and uniformly applied to all Technician employees;

14

1               1)     With respect to the First Cause of Action, the final relief on

2                      behalf of the CALIFORNIA CLASS sought does not relate

3                      exclusively to restitution because through this claim Plaintiff

4                      seeks declaratory relief holding that the DEFENDANT's policy

5                      and practices constitute unfair competition, along with

6                      declaratory relief,  injunctive relief, and incidental equitable

7                      relief as may be necessary to prevent and remedy the conduct

8                      declared to constitute unfair competition;

9     (c)    Common questions of law and fact exist as to the members of the

10         CALIFORNIA CLASS, with respect to the practices and violations of

11         California Law as listed above, and predominate over any question

12         affecting only individual members, and a Class Action is superior to

13         other available methods for the fair and efficient adjudication of the

14         controversy, including consideration of:

15              1)     The interests of the members of the CALIFORNIA CLASS in

16                     individually controlling the prosecution or defense of separate

17                     actions;

18              2)     The extent and nature of any litigation concerning the

19                     controversy already commenced by or against members of the

20                     CALIFORNIA CLASS;

21              3)     The desirability or undesirability of concentrating the litigation

22                     of the claims in the particular forum;

23               4)     The difficulties likely to be encountered in the management of a

24                     Class Action; and,

25               5)     The basis of DEFENDANT's conduct towards PLAINTIFF and

26                     the CALIFORNIA CLASS.

27    23.     This Court should permit this action to be maintained as a Class Action

28 pursuant to  Fed. R. Civ. P., rule 23 because:

FIRST AMENDED CLASS ACTION COMPLAINT

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members because the DEFENDANT's employment practices were uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual Class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS exceed 100 people and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

16

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all DEFENDANT's Technicians employed in California during the CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

24.     DEFENDANT  maintains records from which the Court can ascertain and identify, by job title and name, each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged.  The records of DEFENDANT will identify which employees failed to receive compensation for all hours worked, were compelled to purchase equipment, which employees had deductions from their wages and incurred business expenses but did not receive reimbursement.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUBCLASS

25.     PLAINTIFF also brings this action on behalf of a subclass which consists of all members of the CALIFORNIA CLASS with documented overtime hours that were subjected to the DEFENDANT'S incomplete payment practices (the "CALIFORNIA LABOR SUBCLASS").  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUBCLASS against DEFENDANT, the Class period should be adjusted accordingly.  The CALIFORNIA LABOR SUBCLASS includes all such persons, whether or not they were paid hourly, by commission, by salary, by piece rate, or part hourly, by part commission, part piece rate, and/or part salary.

26.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in

17

1   violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

2   Order Requirements, and the applicable provisions of federal law, intentionally, knowingly,

3   and wilfully, engaged in a practice whereby DEFENDANT fails to pay all compensation

4   owed for hours worked in excess of 8 in a day, 40 in a week, or on the seventh consecutive

5   day of a work week, including the overtime compensation owed to the PLAINTIFF and the

6   other members of the CALIFORNIA LABOR SUBCLASS, failed to provide accurate

7   itemized statements to the CALIFORNIA LABOR SUBCLASS, compelled the

8   CALIFORNIA LABOR SUBCLASS to purchase things of value as a condition of

9   employment, deducted equipment charges from their wages, and failed to provide the

10  CALIFORNIA LABOR SUBCLASS with indemnification and/or reimbursement of

11  business expenses incurred by employees as a direct consequence of the discharge of their

12  duties.

13      27.     DEFENDANT, as a matter of corporate policy, practice and procedure,

14  classified all Technicians as non-exempt from overtime wages and other labor laws, and

15  therefore are legally required to pay overtime as required by law and comply with all other

16  labor laws and regulations with respect to these employees.  All Technicians, including the

17  PLAINTIFF, performed the same primary functions and were paid by DEFENDANT

18  according to uniform and systematic company procedures, which, as alleged herein above,

19  failed to correctly pay overtime compensation, failed to provide business expense

20  reimbursement, compelled all Technician employees to purchase equipment from the

21  DEFENDANT, and imposed deductions on their employees paychecks for such equipment

22  purchases. This business practice was uniformly applied to each and every member of the

23  CALIFORNIA LABOR SUBCLASS, and therefore, the propriety of this conduct can be

24  adjudicated on a classwide basis.

25      28.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS

26  under California law by:

27          (a)     Violating Cal. Lab. Code § 510 by failing to pay PLAINTIFF and the

28                  members of the SUBCLASS the correct overtime pay for a work day

18

longer than eight (8) hours and/or a workweek longer than forty (40) hours, and also for all hours worked on the seventh (7th) consecutive day of a workweek for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194; and

(b)     Violating Cal. Lab. Code § 201 and/or § 202, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUBCLASS who have terminated their employment.

29.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. P., rule 23, in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUBCLASS exceed 100 individuals and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, and declaratory issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUBCLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUBCLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFF, like all other members of the CALIFORNIA LABOR SUBCLASS, was compelled to purchase equipment from DEFENDANT as a condition of employment, was denied reimbursement of business expenses incurred, and did not receive overtime for all hours worked in excess of 8 in a day, 40 in a week or on the seventh consecutive workday of a workweek.  PLAINTIFF and

all other members of the CALIFORNIA LABOR SUBCLASS

sustained economic injuries arising from DEFENDANT's violations of

the laws of California.  PLAINTIFF and the members of the

CALIFORNIA LABOR SUBCLASS were and are similarly or

identically harmed by the same unlawful, deceptive, unfair and

pervasive pattern of misconduct engaged in by the DEFENDANT; and,

(d)  The representative PLAINTIFF will fairly and adequately represent and

protect the interest of the CALIFORNIA LABOR SUBCLASS, and has

retained counsel who are competent and experienced in Class Action

litigation.  There are no material conflicts between the claims of the

representative PLAINTIFF and the members of the CALIFORNIA

LABOR SUBCLASS that would make class certification inappropriate.

Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously

assert the claims of all Class Members.

30.  In addition to meeting the statutory prerequisites to a Class Action, this action

is properly maintained as a Class Action pursuant to Fed. R. Civ. P., rule 23, in that:

(a)  Without class certification and determination of declaratory, statutory

and other legal questions within the class format, prosecution of

separate actions by individual members of the CALIFORNIA LABOR

SUBCLASS will create the risk of:

1)  Inconsistent or varying adjudications with respect to individual

members of the CALIFORNIA LABOR SUBCLASS which

would establish incompatible standards of conduct for the

parties opposing the CALIFORNIA LABOR SUBCLASS; or,

2)  Adjudication with respect to individual members of the

CALIFORNIA LABOR SUBCLASS which would as a practical

matter be dispositive of interests of the other members not party

to the adjudication or substantially impair or impede their ability

FIRST AMENDED CLASS ACTION COMPLAINT

to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANT compelled these employees to purchase equipment from DEFENDANT as a condition of employment, denied these employees reimbursement of business expenses incurred, and incorrectly paid these employees overtime compensation for all hours worked as a result of DEFENDANT's systematic practices and policies;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA LABOR SUBCLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or defense of separate actions;

2)     The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA LABOR SUBCLASS;

3)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)     The difficulties likely to be encountered in the management of a Class Action; and,

5)     The basis of DEFENDANT's conduct towards PLAINTIFF and the CALIFORNIA LABOR SUBCLASS.

21

31.     This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. P., rule 23 because:

(a)     The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual Class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA LABOR SUBCLASS exceed 100 individuals and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUBCLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making

22

final class-wide relief appropriate with respect to the CALIFORNIA

LABOR SUBCLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUBCLASS are readily

ascertainable from the business records of DEFENDANT.  The

CALIFORNIA LABOR SUBCLASS consists of those Technicians

who worked overtime but were subjected to the DEFENDANT's

overtime practices; and,

(i)    Class treatment provides manageable judicial treatment calculated to

bring a efficient and rapid conclusion to all litigation of all wage and

hour related claims arising out of the conduct of DEFENDANT as to

the members of the CALIFORNIA CLASS.

32.    DEFENDANT  maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged.  The records of DEFENDANT will identify which employees worked overtime and the overtime compensation payment made, if any, by DEFENDANT for such overtime work.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

**JURISDICTION AND VENUE**

33.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C.§1331 (federal question jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. §1332 (CAFA Jurisdiction).  The action is brought as a class action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that exceeds 100 people, that involves more than $5,000,000 in controversy, and where the citizenship of at least one member of the class is diverse from that of DEFENDANT. PLAINTIFF's citizenship is diverse from that of DEFENDANT, and one or more of the members of the CLASS reside outside of Ohio and Pennsylvania.

34.     Venue is proper in this Court and judicial district pursuant to 28 U.S.C. §1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arose in whole or in part in this judicial district, (iii) DEFENDANT committed wrongful conduct against members of the class in this district, (iv) DEFENDANT is subject to personal jurisdiction in this judicial district.

## FIRST CAUSE OF ACTION

### For Unlawful, Unfair and Deceptive Business Practices

### [Cal. Bus. And Prof. Code § 17200 et seq.]

### (By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)

35.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 34 of this Complaint.  This cause of action is brought on behalf of PLAINTIFF and the CALIFORNIA CLASS.

36.     DEFENDANT is "persons" as that term is defined under California Business & Professions Code § 17021.

37.     California Business & Professions Code § 17200 *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

38.     By the conduct alleged herein, DEFENDANT has engaged in a business

practice which violates federal and California law, including but not limited to provisions of the Wage Order No. 4-2001, the Fair Labor Standards Act, the Regulations implementing the Fair Labor Standards Act as enacted by the Secretary of Labor, the California Labor Code, the Code of Federal Regulations and the California Code of Regulations, the opinions of the Department of Labor Standards Enforcement, California Labor Code §201, § 202, § 212, § 226(a), §450, §510, and/or §2802, for which this Court should issue declaratory, injunctive and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition.

39.     By and through the unfair and unlawful business practices described herein above, DEFENDANT has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete.  This unlawful conduct by DEFENDANT continues unabated.  Declaratory and injunctive relief is necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not afford adequate and complete relief.

40.     All the acts described herein as violations of, among other things, the Cal. Lab. Code, California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and are likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 *et seq.*

41.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further entitled to, and do, seek a declaration that the above described business practices are deceptive unfair and/or unlawful and that an injunctive relief should be issued restraining DEFENDANT from engaging in any of these deceptive, unfair and unlawful business practices in the future.

42.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no

plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices.  In addition, DEFENDANT should be required to disgorge the unpaid moneys to PLAINTIFF, and the other members of the CALIFORNIA CLASS.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 515.5, 1194 and 1198]

### (By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS and Against all Defendants)

43.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 42 of this Complaint.  This cause of action is brought on behalf of PLAINTIFF and the CALIFORNIA LABOR SUBCLASS for the period which begins three years before the filing of this Complaint and continuing to the present.

44.     Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

45.     Cal. Lab. Code § 1194 states:

> "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime

26

compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

46. In addition, Labor Code Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or

causes to be violated, a section of this chapter or any provision regulating hours and

days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

47. DEFENDANT has intentionally and uniformly failed to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, who are classified as non-exempt employees, the correct amount of overtime required by law for all hours worked by these employees.   DEFENDANT fails to pay overtime compensation for all hours worked in excess of 8, in excess of 40 in a workweek, and/or on the seventh consecutive workday of a workweek, thereby incorrectly pays the members of the CALIFORNIA LABOR SUBCLASS a reduced amount of overtime compensation.  This was done in an

illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

48.     No member of the CALIFORNIA LABOR SUBCLASS was or is an executive, administrator, professional or computer professional because they all fail to meet the requirements established by Order No. 4-2001 for such an exemption.  PLAINTIFF, and other members of the CALIFORNIA LABOR SUBCLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a)     They primary duties necessitated the performance of manual labor, and therefore the Technicians did not work as executives or administrators; and,

(b)     The professional exemption articulated in Wage Order No. 4, section (1)(A)(3)(h) and Labor Code § 515, and the professional exemption articulated in Cal. Lab. Code § 515.5, does not apply to PLAINTIFF, or to the other members of the CALIFORNIA LABOR SUBCLASS, because they are either computer software employees paid less than the requisite amount set forth in Cal. Lab. § 515.5(a)(4) and under subdivision (1)(A)(3)(h)(iv) of Order No. 4, and/or did not otherwise meet all the applicable requirements to work under the exemption of professional employee for the reasons set forth above in this Complaint.

49.     During the class period, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, worked more that eight (8) hours in a workday, and/or more than forty (40) hours in a workweek and/or also worked on the seventh (7th) day of a workweek without compensation.  This overtime work is documented by IKON Activity Reports but was paid incorrectly as herein alleged.

50.     At all relevant times, DEFENDANT systematically and uniformly, as a matter of company policy and practice, failed to correctly pay PLAINTIFF, and other members of the CALIFORNIA LABOR SUBCLASS, the required amount of overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, were regularly required to work, and did in fact work,

overtime hours.

51.     By virtue of DEFENDANT's unlawful failure to fully pay the required compensation to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS for the documented overtime hours worked, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

52.     DEFENDANT knew or should have known that PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, were not paid the correct amount of overtime compensation because DEFENDANT (1) directed the employee to perform the work, (2) documented the unpaid hours worked in reports, (3) directed the employee to travel or attend training, and/or (4) knew that the requirements of the Technician employees required them to perform work which was not recorded by the telephone system or the handheld device system used by DEFENDANT to record hours, and therefore, either through intentional malfeasance or gross nonfeasance, elected not to fully pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

53.     Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, request recovery of overtime compensation according to proof, interest, and costs pursuant to Cal. Lab. Code §1194(a), as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other statutes.  Further, as provided by Cal lab. Code § 203, on behalf of employees in the CALIFORNIA LABOR SUBCLASS, like PLAINTIFF, who have terminated their employment, these employees are also entitled to thirty days of pay as penalty for not paying all wages due at time of termination as required by law, and hereby demand an accounting and payment of all wages due, plus interest.

54.     In performing the acts and practices herein alleged in violation of labor laws and  refusing to provide the requisite overtime compensation, the DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

FIRST AMENDED CLASS ACTION COMPLAINT

toward the other members of the CALIFORNIA LABOR SUBCLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS.  The intentional, oppressive and malicious nature of DEFENDANT's conduct makes an award of the maximum penalties allowable under law appropriate.  PLAINTIFF does not seek an award of punitive damages.

### THIRD CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS and against All Defendants)**

55.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 54 of this Complaint.  This cause of action is brought on behalf of PLAINTIFF and the CALIFORNIA LABOR SUBCLASS.

56.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

FIRST AMENDED CLASS ACTION COMPLAINT

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

57.     At all times relevant herein, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  DEFENDANT also failed to provide a written wage statement without charge to the employee, as required by Labor Code § 226(a).

58.     DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS herein) plus such other relief as ordered by the Court pursuant to Labor Code § 226(g).

**FOURTH CAUSE OF ACTION**

**For Failure to Provide Indemnification of Business Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)**

59.     PLAINTIFF, and the other members of the CALIFORNIA CLASS,

reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1

through 58 of this Complaint.  This cause of action is brought on behalf of PLAINTIFF and

the CALIFORNIA CLASS.

60.     Pursuant to Cal. Labor Code § 2802, DEFENDANTS are required to

reimburse PLAINTIFFS and other members of the CALIFORNIA CLASS for the expenses

incurred by  them in the performance of their job duties, including but not limited to

expenses incurred by the use of their vehicles, mileage, cell phone usage, equipment

purchases, uniforms, internet usage, and telephone usage resulting from the performance of

their job duties, at a reasonable rate.

61.     At all times relevant herein, DEFENDANT violated Labor Code § 2802, in

that during the last four years, PLAINTIFFS and the other members of the CALIFORNIA

CLASS have been required to personally incur and pay for these expenses in the discharge

of their employment duties all without reimbursement from the DEFENDANT.

DEFENDANT's company policy and practice was not to pay, or not to fully pay, employees

reimbursement for business expenses and instead to even deduct expenses from employee

wage sums in violation of Cal. Labor Code §221 and the regulations of the Industrial

Welfare Commission.

62.     As a proximate result of the aforementioned violations, PLAINTIFF, and the

other members of the CALIFORNIA CLASS, have been damaged in an amount according

to proof at trial.  Pursuant to Labor Code § 2802, PLAINTIFF and the other members of the

CALIFORNIA CLASS are entitled to recover the full amount of unreimbursed expenses

they incurred in the course of the job duties, which expenses include the expense of uniform

requirements, the expense of vehicle usage, the expense of cell phones required to perform

Technician duties as directed by DEFENDANT, the expense of equipment purchases, the expense of internet access and usage, and the expense of telephone usage.

### FIFTH CAUSE OF ACTION

**For Failure to Pay Overtime Compensation**

**[FLSA, 29 U.S.C. § 201, *et seq.*]**

**(By PLAINTIFF and the COLLECTIVE CLASS)**

63.      PLAINTIFF, on behalf of himself and the other members of the COLLECTIVE CLASS,  reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 62 of this Complaint. This cause of action is brought on behalf of PLAINTIFF and the COLLECTIVE CLASS.

64.      PLAINTIFF also brings this lawsuit on behalf of himself individually and as collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of all persons nationwide who were, are, or will be employed by DEFENDANT in a position entitled "Technician" or "Customer Service Technician" (collectively "Technician Employees") , or in any other substantially similar positions (the "COLLECTIVE CLASS") during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine (the "COLLECTIVE CLASS PERIOD").  To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or not they were paid hourly, by piece rate, by commission, by salary, or by part hourly, part commission and/or part salary.

65.      PLAINTIFF, and the other members of the COLLECTIVE CLASS, are paid based upon hourly compensation, but were not paid overtime compensation for all hours worked in excess of forty (40) hours in a work week.

66.      Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

a.    Whether DEFENDANT failed to adequately compensate the members of the COLLECTIVE CLASS for all hours worked in excess of forty (40) in a workweek as required by the FLSA, including the time worked through their meal periods;

b.    Whether DEFENDANT's conduct violate the FLSA; and,

c.    Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

67.    The Fifth cause of action for the violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the claims of the PLAINTIFF are similar to the claims of the members of the prospective COLLECTIVE CLASS.

68.    PLAINTIFF and the other members of the COLLECTIVE CLASS are similarly situated, have substantially similar job requirements and pay provisions, and are subject to DEFENDANT's common and uniform policy and practice of failing to pay for all overtime hours worked and overtime wages earned in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

69.    DEFENDANT is engaged in communication, business, and transmission throughout the United States and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

70.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.  The violations of the FLSA alleged herein were willful.

71.    The Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., states that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation.  29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

72.    Section 207(a) of the FLSA provides that:

34

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

73.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

74.     DEFENDANT  has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by paying these employees on an hourly basis, including PLAINTIFF and the other members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANT's business enterprise, but failed to properly pay overtime compensation for all hours worked in excess of forty (40) in a work week.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

75.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to overtime compensation for all overtime hours actually worked.  PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

76.     29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

77.     The exemptions of the FLSA as listed in section 13(a)(15) do not apply to PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, manual, and production line labor.

78.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee is compensated on a salary basis at a rate of not less than $ 455 per week.

(b)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(c)     The employee must customarily and regularly direct the work of at least two (2) or more other employees;

(d)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

79.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee is compensated on a salary basis at a rate of not less than $ 455 per week.

(b)     The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(c)     The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

(d)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(e)     The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(f)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements for being  an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.200.   PLAINTIFF and the other members of the COLLECTIVE CLASS perform their primary, day to day duties on the production side of the DEFENDANT's enterprise without the requisite amount of discretion and independent judgment required to qualify for the administrative exemption.

80.     During the COLLECTIVE CLASS PERIOD, PLAINTIFF, and other members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week.

81.     At all relevant times, DEFENDANT failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS overtime compensation for all hours they have worked in excess of the maximum hours permissible by law as required by section 7 of the FLSA, even though PLAINTIFF and the other members of the COLLECTIVE CLASS, were regularly required and scheduled to work, and did in fact work, overtime hours.

37

82.     For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT concerning the classification of and payment of overtime wages to Claims Examiner Employees were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

83.     As a result of DEFENDANT's failure to pay overtime compensation for hours worked, as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

84.     PLAINTIFF, therefore, demand that he and the other members of the COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, liquidated damages, plus interest as provided by law.

## SIXTH CAUSE OF ACTION

### For Violations of the Private Attorney General Act

### [Cal. Labor Code § 2698]

### (By PLAINTIFFS and the CALIFORNIA CLASS and against All DEFENDANTS)

85.     PLAINTIFF, on behalf of himself and the other members of the CALIFORNIA CLASS,  reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 84 of this Complaint. This cause of action is brought on behalf of PLAINTIFF and the CALIFORNIA CLASS in accordance with California Labor Code §2698, *et seq.*

86.     On March 23, 2009, PLAINTIFF gave written notice by certified mail to the Labor and Workforce Development Agency (the "LWDA") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3. PLAINTIFF'S notice to the LWDA complied fully with the requirements of Labor Code § 2699.3 and provided notice of the specific provisions of this code alleged to have been violated as well as the facts and theories which support the alleged violation. DEFENDANT failed and refused to correct, cure and remedy the identified violations.  In

accordance with Section 2699.3, PLAINTIFF waited the statutory period of 33 days from the date of the March 23, 2009 postmark, but did not receive notice of an intent to investigate from the LWDA.  As a result, pursuant to Section 2699.3(a)(2)(A), PLAINTIFF may now commence, and hereby commences, a civil action pursuant to Section 2699 as a matter of right on behalf of himself and all "other current or former employees."

87.     The policies, acts and practices heretofore described were and are an unlawful business act or practice because the conduct alleged herein, including but not limited to DEFENDANT's failure to pay wages, failure to provide reimbursement of business expenses, and/or failure to provide accurate wage statements and maintain accurate time records for PLAINTIFF and the other members of the CLASS, violates applicable Labor Code sections and gives rise to statutory penalties as a result of such conduct, including but not limited to penalties as provided by Labor Code §§ 221, 226, 558, 1174 and 1194,the applicable Industrial Welfare Commission Wage Orders and other provisions of law. PLAINTIFF, as an aggrieved employee, hereby seeks recovery of all civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves and other current and former employees of DEFENDANT which comprise the CLASS, against whom one or more of the violations of the Labor Code was committed.  In addition, PLAINTIFF, as an aggrieved employee, hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of the State of California and/or the LWDA, to the fullest extent available under the law.

## **PRAYER**

WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

A)      That the Court certify the First, Second, Third and Fourth Causes of Action asserted to proceed as a class action pursuant to Fed. R. Civ. Proc., rule 23;

B)      Compensatory damages, according to proof at trial due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the

39

applicable CLASS PERIOD plus interest thereon at the statutory rate;

C)    Restitution, according to proof at trial, due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

D)    On behalf of the CALIFORNIA CLASS, declaratory, injunctive and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition.

E)    On behalf of the CALIFORNIA CLASS, an order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT under Cal. Bus. & Prof. Code §17203 from engaging in practices which violate the UCL and similar unlawful conduct as set forth herein;

F)    An award of interest, including prejudgment interest at the legal rate;

G)    An award of liquidated damages, penalties, statutory damages, and cost of suit.  Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

H)    Such other and further relief as the Court deems just and proper.

Dated:   May 4, 2009                            BLUMENTHAL, NORDREHAUG & BHOWMIK


                                                By:_____*/s/ Norman B Blumenthal*_____
                                                     Norman B. Blumenthal
                                                     Attorneys for Plaintiff

                                                UNITED EMPLOYEES LAW GROUP
                                                Walter Haines, Esq.
                                                65 Pine Ave, #312
                                                Long Beach, CA 90802
                                                Telephone: (562) 256-1047
                                                Facsimile: (562) 256-1006

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on issues triable to a jury.

Dated:   May 4, 2009

BLUMENTHAL, NORDREHAUG &
BHOWMIK


By:____/s/ Norman B Blumenthal_____
      Norman B. Blumenthal
      Attorneys for Plaintiff


UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

K:\D\NBB\Moore v. Ikon Office Solutions\p-Complaint-Amended.wpd

41

FIRST AMENDED CLASS ACTION COMPLAINT