# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN MOORE, an individual, on behalf of himself and all persons similarly situated,<br><br>                                    Plaintiff,<br><br>   vs.<br><br>IKON OFFICE SOLUTIONS, INC.,<br><br>                                    Defendant. | CASE NO. 09-CV-0556 IEG (POR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**(Doc. No. 12)** |

Presently before the Court is Plaintiff's motion for leave to file a second amended complaint ("SAC.") (Doc. No. 12.) For the reasons explained herein, the Court grants the motion.

## BACKGROUND

Plaintiff Glen Moore brings this class action suit against defendant Ikon Office Solutions, Inc. Defendant hired Plaintiff in 2003 to work as a "Customer Service Technician" (CST). Plaintiff's primary responsibilities as a CST were to install, repair, and maintain photocopiers leased to Defendant's customers. The first amended complaint alleges Defendant, *inter alia*, failed to pay its CSTs for overtime wages, failed to reimburse its CSTs for uniforms and business expenses, and improperly charged CSTs if they received written wage statements. Plaintiff now seeks to add a cause of action under the California Labor Code's Private Attorney General Act, Cal. Labor Code § 2698. Plaintiff also seeks to delete requests for reimbursement for cell phone usage, and to correct the formatting of the paragraph numbers in the first amended complaint. (Memo. ISO Motion at 1.)

Plaintiff filed suit on March 18, 2009 (Doc. No. 1,) and filed a first amended complaint on May 4, 2009.  Defendant filed an answer on May 26, 2009.  On July 24, 2009, Plaintiff filed the instant motion for leave to file a SAC.  Plaintiff has attached the proposed SAC to his motion.  Defendant has not filed a response to Plaintiff's motion.  The Court finds the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**DISCUSSION**

I.Legal Standard

Under Fed. R. Civ. P. 15, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2) (2009).  "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  However, "not all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight." Id. at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original).  The decision of whether or not to grant leave to amend under Rule 15(a) is within the sound discretion of the district court. California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

II.Analysis

The touchstone of the Rule 15(a) inquiry is whether the proposed amendment would unfairly prejudice the defendant.  Eminence Capital, 316 F.3d at 1052.  The party who opposes amendment bears the burden of demonstrating the prejudice.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  In the present case, Defendant has not opposed Plaintiff's motion, and therefore has made no demonstration of prejudice.  Similarly, there has been no strong showing that Plaintiff has requested the amendment in bad faith, that Plaintiff has unduly delayed

1  in seeking to amend the complaint, or that the amendment would be futile.  Moreover, Plaintiff has
2  only sought to amend the complaint once before, so there has been no "repeated failure to cure
3  deficiencies" in the complaint.  Absent these showings, there is a presumption in favor of granting
4  Plaintiff leave to amend under Rule 15(a).  <u>Eminence Capital</u>, 316 F.3d at 1052.  Accordingly, the
5  Court grants Plaintiff's motion.

## CONCLUSION

7  For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion for leave to file a
8  SAC.  Plaintiff shall file his SAC no later than Friday **<u>October 2, 2009</u>**.

10  **IT IS SO ORDERED.**

12  **DATED:  September 24, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**